

1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN KAMEDULÁ,                    )
                                   )
                Plaintiff,         )    Case No. 3:10-cv-00160-ECR-RAM
                                   )
vs.                                )
                                   )    **ORDER**
ROBERT BANNISTER, *et al.*,        )
                                   )
_____Defendants._____ )

13    Before the Court are Defendants' Petition for Removal (Docket #1), Plaintiff's Pro Se

14  Civil Rights Complaint (Docket #1, Exhibit A), Defendants' Statement of Removal (Docket #3),

15  Plaintiff's Motion for Leave to Address and to Add Defendants true names (docket #6), Plaintiff's

16  Motions for Summary Judgment (docket #10 and #13) and his Motion for Declaratory Judgment (docket

17  #17).

18  **I.    Removal of this Action was Proper**

19    Plaintiff, an inmate at Nevada State Prison, filed a *pro se* civil rights complaint on

20  January 21, 2010, in the First Judicial District Court of the State of Nevada in the City and County of

21  Carson City. Defendants Robert Bannister, Sheila Barth, Robert Crum, William Donnelly, Terri Jacobs,

22  David Mar, Howard Skolnik, Wayne Smith and Sandra Snider were served on or about February 18,

23  2010. Defendants filed a Notice of Removal in this Court on March 22, 2010 (Docket #1). "The district

24  courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the

25  United States." 28 U.S.C. § 1331. Plaintiff has alleged a violation of his rights under the U.S.

26  Constitution. Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441,

1  as this Court has original jurisdiction over the claims raised in the complaint.

2  **II.      Screening of the Complaint**

3              The complaint must be screened pursuant to 28 U.S.C. §1915A.  Federal courts must

4  conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity

5  or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must

6  identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

7  upon which relief may be granted or seek monetary relief from a defendant who is immune from such

8  relief. 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed. *Balistreri*

9  *v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).  To state a claim under 42 U.S.C. § 1983, a

10  plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

11  United States was violated, and (2) that the alleged violation was committed by a person acting under

12  the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

13              In addition to the screening requirements under § 1915A, a federal court must dismiss

14  a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

15  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

16  is immune from such relief."  28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2).  Dismissal of a

17  complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule

18  of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of

19  a complaint or amended complaint.

20              Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

21  *Laboratory Corp. of America,* 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

22  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

23  would entitle him or her to relief. *See Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999).  In making

24  this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

25  Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.,* 74 F.3d

26

955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

Plaintiff raises claims for denial of proper dental and medical care starting in 1987 and continuing to the present. Specifically, plaintiff alleges he suffers from numerous severe dental issues including dental caries, unfitted or missing dental retainers and dentures resulting in pain, misalignment of teeth and tooth loss. Plaintiff further alleges he has developed and is suffering from various medical concerns including painful and bleeding hemorrhoids, lumps or cysts on his eye-lid, nose, legs and chest, neck and shoulder pain, headaches, nausea, and blurred vision.

Plaintiff asserts that he has notified the numerous defendants either through kites, grievances, personal interviews and medical examination, but that no treatment has been provided. With the exception of defendant Howard Skolnik, the Director of the Nevada Department of Corrections, plaintiff has stated a claim against all named defendants. Mr. Skolnik shall be dismissed as plaintiff offers no facts which show that he has personal knowledge of plaintiff's dental and medical needs and thereafter failed to take any action to address them. The other defendants are properly identified and tied to the claims by their direct knowledge and they alleged failure to act.

Pending Motions

Plaintiff's motion seeking the in camera release of a defendant's address and seeking to amend the complaint to identify previously unidentified defendants (docket #6) shall be denied in part and granted in part. The complaint shall be amended to incorporate the identities of the does defendants set forth therein. Plaintiff has also filed two motions for summary judgment and a motion for declaratory judgment while the matter has been awaiting screening. Because the matter could not proceed until the court reviewed its sufficiency, the motions are premature and shall be denied without prejudice.

III.    Conclusion

Defendant Skolnik shall be dismissed from the action. Plaintiff shall be permitted to

amend his complaint to identify the doe defendants' true names.  The motions for summary judgment and for declaratory judgment shall be denied without prejudice

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint

**IT IS FURTHER ORDERED** that the motion seeking Dr. Snider's address and seeking to amend the complaint to identify Does defendants (docket #6) is **denied without prejudice as to release of the defendant's address and granted in part as to identifying the Doe defendants.** Plaintiff shall have twenty days to file and serve an amended complaint incorporating the true identities of the doe defendants.  The Amended Complaint should not identify Howard Skolnik as a defendant.

**IT IS FURTHER ORDERED** that the motions for summary judgment (docket #10 and #13) are **denied without prejudice.**  The motion for declaratory judgment (docket #17) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendant Howard Skolnik is **DISMISSED.**

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form on defendants.**

2. Defendants shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED:  *October 25, 2010.*

Edward C. Reed.

UNITED STATES DISTRICT JUDGE

4

1    Name
         _____
2
      Prison Number (if applicable)
         _____
3
      Address
         _____
4
         _____
5
         _____
6

7

8

          UNITED STATES DISTRICT COURT
             DISTRICT OF NEVADA

9

10   _____ ,    )     Case No. _____
            Plaintiff,    )
11                 )
     v.               )     NOTICE OF INTENT TO
12                 )    PROCEED WITH MEDIATION
     _____    )
13                 )
     _____    )
14         Defendants.    )
                   )
15

16       This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.
17

18

19 1.     Do you wish to proceed to early mediation in this case? _____ Yes _____ No

20 2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

21       _____

22       _____

23       _____

24 3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

25       _____

26

1    _____

2    _____

3    4.    List any and all cases, including the case number, that are currently pending or any pending
     grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

4    _____

5    _____

6    _____

7    _____

8    5.    Are there any other comments you would like to express to the court about whether this case is
     suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for

9    mediation.  (Attach additional pages if needed).

10   _____

11   _____

12   _____

13   _____

14        This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date
     of entry of this order.

15

16        Counsel for defendants: By signing this form you are certifying to the court that you have
     consulted with a representative of the Nevada Department of Corrections concerning participation in

17   mediation.

18        Dated this _____ day of _____, 2010.

19

20                              _____
                                Signature
21

22                              _____
                                Name of person who prepared or
23                              helped prepare this document

24

25

26
                                         6