**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN KAMEDULA, | 3:10-cv-00160-ECR (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| ROBERT BANNISTER, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Partial Motion to Dismiss. (Doc. #31.)[1] Plaintiff has opposed (Doc. #33) and Defendants replied (Doc. # 34). After a thorough review, the court recommends that Defendants' motion be granted.

**I. BACKGROUND**

At all relevant times, Plaintiff Brian Kamedula was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 20) at 2.) Plaintiff is currently an inmate at Nevada State Prison (NSP). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Robert Bannister, Shelia Barth, Robert Crum, William Donnelly, Terri Jacobs, Kathy King, David Mar, Greg Smith, Sandra Snider, John Van Horn, the State of Nevada, and NDOC. (*Id.* at 2-4.)

---

[1] Refers to the court's docket number.

Plaintiff originally filed his complaint in the First Judicial District Court of the State of Nevada in and for the County of Carson on January 21, 2010, and it was subsequently removed by Defendants. (Doc. # 1, Ex. B.) The complaint was screened and deemed filed in federal court on October 25, 2010. (Doc. # 18, 19.) At screening, the court dismissed Howard Skolnik as a defendant, and determined Plaintiff raised claims for denial of proper dental and medical care. (Doc. # 18.) The court granted Plaintiff leave to amend to identify doe defendants. (*Id.*) Plaintiff filed his Amended Complaint on November 18, 2010. (Doc. # 20.) Plaintiff filed a motion for leave to file a second amended complaint on December 2, 2010, which was denied. (Doc. # 25, 27.) Defendants filed their Partial Motion to Dismiss on December 28, 2010. (Doc. # 31.)

## **II. LEGAL STANDARD**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Rule 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Supreme Court has found that at minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted). The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### III. DISCUSSION

**A.  PLAINTIFF CANNOT RELY ON HIS PROPOSED SECOND AMENDED COMPLAINT**

In his opposition, Plaintiff argues that he filed a motion for leave to file a second amended complaint, and acknowledges the court denied his request. (Pl.'s Opp. (Doc. # 33) at 2; *see also* Doc. # 20, 25, 26, and 27.) Nonetheless, Plaintiff's opposition continually refers to and attaches the rejected proposed second amended complaint. (Doc. # 33 Ex. A.)

Plaintiff filed an objection to the court's order denying leave to file a second amended complaint, as well as an errata to his objection. (Doc. # 29, 30.) To the extent the objection can be construed as a motion for reconsideration, the motion is denied. The proposed second amended complaint is a fugitive document and is not considered by the court in connection with the instant motion.

**B.  STATE OF NEVADA AND NDOC**

Plaintiff names the State of Nevada and NDOC as defendants in this action. The Eleventh Amendment bars suits against states as well as state agencies as they are considered an "arm of the state" and not a "person" for the purpose of § 1983. U.S. Const. amend. XI; *see also Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135 (9th Cir. 1997); *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997)

3

(citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989)). Therefore, the State of Nevada and NDOC should be dismissed from this action with prejudice.

**C.     PERSONS AMENABLE TO SUIT UNDER 42 U.S.C. § 1983**

A state official sued in his or her official capacity for damages is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims against defendants in their official capacities are actually suits against the entity of which the named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id.* To the extent Plaintiff alleges official capacity damages claims, they should be dismissed with prejudice.

**D.     PLAINTIFF'S STATE LAW CLAIMS FOR MEDICAL AND DENTAL MALPRACTICE**

Defendants argue that Plaintiff's state law claims for medical and dental negligence and malpractice should be dismissed for failure to comply with NRS 41A.071, which requires the attachment of an affidavit of a medical expert. (Doc. # 31 at 2-3.)

Defendants are correct that Nevada law requires the filing of an affidavit of a medical expert supporting the allegations of the complaint in actions for medical and dental malpractice. Nev.Rev.Stat. 41A.071. The Nevada Supreme Court has held that a complaint filed without the supporting affidavit is "void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial District Court,* 122 Nev. 1298, 148 P.3d 790, 794 (2006). Such a complaint "does not legally exist and thus it cannot be amended." *Id.* Plaintiff failed to submit the required affidavit of merit. In any event, Plaintiff appears to concede he is not asserting a claim for malpractice as he admits the claim was not included in his proposed second amended claim that was rejected by the court. (Doc. # 33 at 2.) Accordingly, Plaintiff's claims for medical and dental malpractice and negligence should be dismissed with prejudice.

4

### E. FIFTH AMENDMENT DUE PROCESS

Defendants argue Plaintiff's claim that Defendants denied him due process under the Fifth Amendment should be dismissed for failure to state a claim because no federal actors are alleged to have been involved. (Doc. # 31 at 3-4.)

Defendants are correct that the Due Process Clause of the Fifth Amendment only applies to federal actors, and Plaintiff does not allege the involvement of federal actors. *See* U.S. Const. amend. V; *Geneva Towers Tenants Org. v. Federated Mortg. Investors*, 504 F.2d 483, 487 (9th Cir. 1974) (citation omitted). Moreover, Plaintiff appears to concede he is not asserting a due process violation under the Fifth Amendment. (Doc. # 33at 2.) Accordingly, Plaintiff's claim that Defendants violated the Due Process Clause of the Fifth Amendment should be dismissed with prejudice.

### F. STATUTE OF LIMITATIONS

Defendants argue that it is clear from the face of the complaint that Plaintiff's claim of deliberate indifference based on the alleged failure to provide a retainer or partial dentures is barred by the statute of limitations. (Doc. # 31 at 5-6.) Plaintiff concedes that the statute of limitations bars claims prior to January 2008, but argues that his injuries began in 1987 and still exist, causing him pain and suffering today. (Doc. # 33 at 3.) He asserts that Defendant's continue to be deliberately indifferent to his serious medical and dental needs. (*Id.*)

Section 1983 does not contain its own statute of limitations. Therefore, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000)(citation omitted). In Nevada, the statute of limitations for § 1983 actions is two years. Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Here, Plaintiff had two years from the acts allegedly caused by Defendants within which to commence his § 1983 claims. *See* Nev. Rev. Stat. § 11.190(4)(e). An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3. Plaintiff filed his complaint on January 21, 2010. (Doc. # 1, Ex. B.)

Plaintiff alleges that he has been an inmate of NDOC since 1987, and upon intake, dental staff at NDOC identified his need for dental retainers, but failed to provide Plaintiff with a dental retainer or partial dentures until December 2005. (Doc. # 20 at ¶ 17A.) He asserts that since receiving partial dentures in 2005, he has continued to notify Defendants that they do not fit properly, causing him continual pain and discomfort, disfigurement, misalignment, and deterioration of his teeth, as well as difficulty eating. (*Id.*)

To the extent Plaintiff is asserting a claim of deliberate indifference based on denial or delay in treatment for the alleged failure to provide him with a retainer or partial dentures until 2005, this claim is barred by the two-year statute of limitations because Plaintiff received his partial dentures and knew or had to reason to know of this claim at that point in time. This is more than two years from the date Plaintiff filed his complaint. Accordingly, this claim should be dismissed with prejudice. On the other hand, to the extent Plaintiff asserts a claim for deliberate indifference related to the pain, discomfort and injury he continues to experience as a result of ill-fitting partial dentures, Plaintiff states a colorable claim for deliberate indifference for the time period of January 21, 2008 until January 21, 2010.

## G.  FAILURE TO EXHAUST

Defendants argue that the following claims should be dismissed as a result of Plaintiff's failure to exhaust his administrative remedies: (1) NDOC has been deliberately indifferent to Plaintiff's hemorrhoid condition and associated bowel movement pain; and (2) Defendants violated due process rights under the Fourteenth Amendment by levying charges against his prison account for visits to the NSP medical department**.** (Doc. # 31 at 6-10.)

Plaintiff asserts that he has exhausted the grievance process on all claims in his second amended complaint. (Doc. # 33 at 3.)

6

1    The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's*

1 *Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation 740 (AR 740). (Doc. #31 at 7, Ex. A.) The administrative process consists of: (1) an informal level grievance that is reviewed and responded to by an inmate caseworker; (2) a first level formal written grievance appealing the informal grievance decision to the warden at the institution where the incident being grieved occurred; and (3) a second level grievance appealing the first level grievance decision. (*Id.*, Ex. A at 4-7.) If an inmate disagrees with the response to any grievance, he may appeal the grievance to the next available level within the prescribed deadlines. (*Id.* at 7-8.)

Preliminarily, while Plaintiff argues he exhausted the grievance process for all claims asserted in his second amended complaint, that is not the operative complaint in this action.

Next, Plaintiff alleges Defendants acted with deliberate indifference in treating his hemorrhoids and associated bowel movement pain. (Doc. # 20 at 5-6.) Plaintiff's Amended Complaint references Grievance Numbers 20062881135 and 200628[8]1136. (Doc. # 20 at 11, Doc. # 31 at 8, n. 1, Ex. B-C.) Neither Grievance Number 20062881135 nor Grievance Number 2006288136 discuss a claim for deliberate indifference related to treatment of Plaintiff for hemorrhoids and associated bowel movement pain. (*See* Doc. # 31 Ex. B, C.) Plaintiff did submit an informal level grievance regarding his hemorrhoid condition on December 15, 2010. (Doc. # 31 Ex. D.) He subsequently submitted a first level grievance concerning this issue. (*Id.*) Plaintiff does not dispute that he failed to fully exhaust this claim prior to filing suit. Accordingly, Plaintiff's claim that Defendants were deliberately indifferent in treating his hemorrhoids and associated bowel movement pain should be dismissed without prejudice.

///

8

1  Finally, Plaintiff alleges a violation of his due process rights under the Fourteenth
2  Amendment. (Doc. # 20 at 7, 11.) He argues that Defendants have levied medical charges
3  against his account for visits to the medical department resulting in non-treatment of his
4  medical needs without authorization. (Doc. # 20 at 7, 11.) The grievances referenced in
5  Plaintiff's Amended Complaint do not reference these issues. (*See* Doc. # 31 at Ex. B-C.)
6  Defendants concede that Plaintiff did file an informal level grievance asserting that a medical
7  charge was withdrawn from his account without authorization, but he did not fully exhaust
8  this grievance until after this lawsuit was initiated. (Doc. # 31 at 9-10.)

9  Plaintiff submitted an informal level grievance related to the unauthorized withdrawal
10 of an $8.00 medical charge on December 2, 2009. (Doc. # 31 Ex. E.) His first level grievance
11 was submitted December 27, 2009. (*Id.*) His second level grievance was submitted February
12 7, 2010. (*Id.*) The printout of the prison's response to each grievance level is illegible. (*Id.*)
13 Nonetheless, it is undisputed that Plaintiff did not complete the grievance process until after
14 he filed suit. This is insufficient under the PLRA, which provides, "[n]o action shall be
15 brought…until such administrative remedies as are available are exhausted." 42 U.S.C. §
16 1997e(a). Therefore, Plaintiff was required to fully exhaust his administrative remedies *prior*
17 *to* filing suit. It is not enough the Plaintiff exhausted his administrative remedies after the
18 complaint was filed. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per
19 curiam) (holding that exhaustion requirement does not permit prisoner to file complaint
20 addressing non-exhausted claims even if he exhausts while his case is pending)*; see also*
21 *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006) ("The bottom line is that a
22 prisoner must pursue the prison administrative process as the first and primary forum for
23 redress of grievances. He may initiate litigation in federal court only after the administrative
24 process ends and leaves his grievances unredressed. It would be inconsistent with the
25 objectives of the statute to let him submit his complaint any earlier than that."). B*ut see,*
26 *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (confirming that *McKinney* and
27 *Vaden* "stand for the proposition that a prisoner must exhaust his administrative remedies for
28

9

the claims contained within his complaint before the complaint is tendered to the district court," but, when an amended complaint asserts *new* claims that are fully exhausted before the filing of the amended complaint, the case may proceed.)  Here, Plaintiff's claim that Defendants made unauthorized withdrawals from his prison account for medical visits was contained in his original complaint, and is asserted in the Amended Complaint. (Doc. # 1-1 at 10, Doc. # 20 at 7.) Allowing Plaintiff to proceed with this claim without having exhausted prior to filing his original complaint would create an end-run around the PLRA, *McKinney* and *Vaden*.   Accordingly, this claim should be dismissed without prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Partial Motion to Dismiss as follows:

- The claims against the State of Nevada and NDOC should be dismissed with prejudice;
- The claims against Defendants under 42 U.S.C. § 1983 in their official capacities with respect to damages should be dismissed with prejudice;
- The state law claims for medical and dental malpractice and negligence should be dismissed with prejudice;
- The claim that Defendants violated his due process rights under the Fifth Amendment should be dismissed with prejudice;
- The claim that Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment as a result of the alleged failure to provide him with a retainer or partial dentures until 2005 should be dismissed with prejudice because it is barred by the applicable statute of limitations.  To the extent Plaintiff asserts a claim for deliberate indifference related to pain, discomfort, and injury he continued to experience from January 21, 2008 until January 21, 2010, the claim should be allowed to proceed;

- The claim for deliberate indifference in violation of the Eighth Amendment related to Plaintiff's hemorrhoid condition and associated bowel movement pain should be dismissed without prejudice for failure to exhaust; and

- The claim that Plaintiff's due process rights under the Fourteenth Amendment were violated because of alleged unauthorized charges for medical visits should be dismissed without prejudice for failure to exhaust.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 14, 2011.

_____
UNITED STATES MAGISTRATE JUDGE