UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN KAMEDULA, | ) | 3:10-CV-00160-ECR-WGC |
| | ) | |
|     Plaintiff, | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | November 23, 2011 |
| | ) | |
| ROBERT BANNISTER, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

PRESENT:     EDWARD C. REED, JR.                          U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN          Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                 NONE APPEARING

Counsel for Defendant(s)                 NONE APPEARING

MINUTE ORDER IN CHAMBERS

    On June 14, 2011, the Magistrate Judge issued a Report and Recommendation (#35) that recommended granting Defendants' partial motion to dismiss. The Court approved and adopted the Report and Recommendation (#35) via Order (#44) on July 27, 2011. The Order (#44) dismissed all of Plaintiff's claims except for Plaintiff's Eighth Amendment claim for deliberate indifference related to pain, discomfort, and injury experienced between January 21, 2008 and January 21, 2010.

    Now pending is Plaintiff's Motion to Reconsider (#47), filed on September 9, 2011, seeking reconsideration of the Court's Order (#44) approving and adopting the Magistrate Judge's Report and Recommendation (#35). Defendants responded (#50) on September 22, 2011.

    Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6), providing that a party may retain relief from a judgment for "any other reason justifying relief from operation of judgment." Plaintiff, however, has provided no valid grounds for relief from the Court's Order (#44). Plaintiff appears to argue that his claims against the State and officials would not have been barred by the Eleventh Amendment if he were able to bring them in state court, that the Court improperly failed to exercise supplemental jurisdiction over his state law claims, that his unexhausted claims should not have been dismissed pursuant to the Prison Litigation Reform Act, that he should have been granted leave to amend his

complaint to re-assert claims that were previously dismissed for failure to exhaust, and that removal of this action to this Court was untimely. None of Plaintiff's claims have merit, nor do they constitute the type of "highly unusual" circumstances that warrant reconsideration. School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**IT IS, THEREFORE, HEREBY ORDERED THAT** Plaintiff's Motion to Reconsider (#47) is **DENIED**.

LANCE S. WILSON, CLERK

By     /s/
          Deputy Clerk